IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERICA ARTIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:21-CV-2436-S-BH |
| | ) | |
| QUALITY BRAND GROUP, | ) | |
| | ) | |
| Defendant. | ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the plaintiff's *Application to Proceed In District Court Without Prepaying Fees or Costs (Long Form),* filed on October 4, 2021 (doc. 4). Based on the relevant filings and applicable law, the application should be **DENIED**, and the case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

**I. BACKGROUND**

On October 4, 2021, the plaintiff filed this action against the defendant and sought to proceed *in forma pauperis* (IFP). (*See* docs. 3, 4.) By *Order* dated October 6, 2021, she was notified that her IFP application reflected enough assets with which to pay the $402 filing fee, and she was given fourteen days to pay it. (*See* doc. 5.)[2] The order also specifically warned that failure to timely pay the filing fee would result in a recommendation that leave to proceed IFP be denied, and that the case be dismissed. *Id.* Instead of appealing the order to the district judge, the plaintiff filed a notice of appeal to the United States Court of Appeals for the Fifth Circuit. (*See* doc. 6.) The notice was supported by an affidavit clarifying her answers in the IFP application and seeking reconsideration

---

[1] By *Special Order No. 3-251*, this pro se case has been automatically referred for full case management.

[2] A $52 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $402 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule.

of the order, which was liberally construed as a motion seeking reconsideration of the finding that she had enough assets with which to pay the filing fee and denied by order dated October 27, 2021. (See docs. 6-1, 9.)  The order again gave her fourteen days to pay the filing fee and again warned that failure to timely pay the filing fee would result in a recommendation that leave to proceed IFP be denied, and that the case be dismissed.  (*See* doc. 9.) On October 28, 2021, it was recommended that her application to proceed IFP on appeal be denied, and the recommendation was accepted on November 14, 2021.  (*See* docs. 10, 11.)  Well more than fourteen days from the date of the orders for her to pay the filing fee and denying her motion for reconsideration have passed, but the plaintiff has not paid the filing fee or filed anything else in this case.

## II.  IN FORMA PAUPERIS

Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court.  *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a). Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

The plaintiff's initial application showed that she had $3900 in her savings and checking accounts, and her monthly income exceeded her expenses by more than $650.00.  In her motion for reconsideration, she explained the source of the $3900 in her checking account, noted that she is currently unemployed, and stated that the amount in her checking account had been reduced to $1800.  She has still not shown that she will suffer undue financial hardship after payment of the $402.00 filing fee, and her motion to proceed *in forma pauperis* should still be denied.

2

### III.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  The plaintiff failed to comply with the orders that she pay the filing fee within fourteen days, despite warnings that failure to do so could result in dismissal of the case.  Because the plaintiff failed to follow a court order or otherwise show that she intends to proceed with this case, it should be dismissed.

### IV.  RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless the plaintiff pays the filing fee within the time for objecting to this recommendation, or by some other deadline set by the Court.

**SO RECOMMENDED on this 29th day of November, 2021.**

```
                                        _____
                                        IRMA CARRILLO RAMIREZ
                                        UNITED STATES MAGISTRATE JUDGE
```

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

   A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE